1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BMO HARRIS BANK N.A.,                    Case No.  1:24-cv-01062-HBK

12              Plaintiff,                     ORDER TO ASSIGN TO DISTRICT JUDGE

13        v.                                   FINDINGS AND RECOMMENDATIONS TO
                                               GRANT PLAINTIFF'S MOTION FOR
14   SUNSHINE TRUCKING LLC, et. al.,           DEFAULT JUDGMENT[1]

15              Defendants.                    (Doc. No. 12)

16                                              14 DAY OBJECTION PERIOD

17

18        Pending before the Court is Plaintiff's Motion for Default Judgment filed pursuant to

19   Federal Rule of Civil Procedure 55(b)(2) on November 14, 2024.  (Doc. No. 12, "Motion").

20   Plaintiff submits declarations with exhibits in support of its Motion.  (Doc. Nos. 13, 14).

21   Defendants have not answered or responded to the Complaint, nor have Defendants filed any

22   opposition or taken any action in this case.  Having considered the moving papers, declarations,

23   attached exhibits, and applicable law, the undersigned recommends that the district court grant

24   Plaintiff's Motion for Default Judgment.

25        ////

26

27   _____
     [1] This Motion was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule
28   302(c)(19) (E.D. Cal. 2019).   The Court previously found the Motion suitable for decision without
     argument.  (Doc. No. 15).

1

**I.  BACKGROUND**

2      On September 6, 2024, Plaintiff BMO Bank, f/k/a BMO Harris Bank N.A. ("BMO") filed

3  a complaint against Defendants Sunshine Trucking, LLC ("Sunshine Trucking"), a California

4  limited liability company, and Kamal Mann, an individual resident and citizen of California.

5  ("Mann").  (Doc. No. 1, "Complaint").  Plaintiff is a national association with its main office

6  located in Chicago, Illinois, and was in the business of providing financing to persons or entities

7  engaged in commercial trucking operations.  (*Id*., ¶¶ 4,8).  Defendant Sunshine Trucking is a

8  California limited liability company with its principal place of business located in Fresno,

9  California.  (*Id*., ¶ 5).  Defendant Mann is the owner, sole director, CEO, Secretary and CFO of

10  Sunshine Trucking, and a citizen of California who resides in Fresno, California.  (*Id*., ¶¶ 6,7).

11  The Complaint alleges breach of contract claims against both Sunshine Trucking and Mann, and

12  seeks monetary damages, specific performance, and injunctive relief.  (*Id*. at 5-9).  The Complaint

13  alleges the following facts.

14      Plaintiff and Defendant Sunshine Trucking entered into a Loan and Security Agreement

15  whereby Plaintiff agreed to finance on behalf of Defendant Sunshine Trucking the purchase of a

16  vehicle for use in Sunshine Trucking's business.  (*Id*. at 2-4).  A copy of the Agreement is

17  attached to and incorporated into the Complaint as Exhibit 1 (*Id.* at 11-16).  As consideration,

18  Defendant Sunshine Trucking granted Plaintiff a first-priority security interest in the vehicle.

19  (*Id*., ¶ 11).  Plaintiff perfected its security interest in the vehicle by recording its lien on the

20  Certificate of Origin.  *(Id*., ¶12, Exhibit 3 at 20-21).

21      A.  Loan Agreement and the Security Interests

22      The Loan and Security Agreement ("Agreement") was executed on or about April 25,

23  2023.  (*Id*., ¶ 9).  The Agreement provided for the purchase of a 2023 Freightliner Cascadia

24  Tractor, Vehicle ID No. 3AKJHHDR5PSUH9960 (the "Vehicle"), in the amount of $227,234.40,

25  including interest, pursuant to specified terms and conditions.  (*Id*., ¶¶ 9, 11).  A copy of the

26  Agreement is attached to the Complaint as Exhibit 1.  (*Id.* at 11-16).

27      B.  The Guaranties

28      In connection with the Agreement Defendant Mann executed a Continuing Guaranty on

2

1   April 25, 2023.  (*Id*., ¶ 10).  By signing the Continuing Guaranty (the "Guaranty"), Defendant

2   Mann guaranteed the full and timely performance of all of Defendant Sunshine Trucking's

3   present and future liabilities to Plaintiff.  (*Id*.).  A copy of the Guaranty is attached and

4   incorporated into the Complaint as Exhibit 2.  (*Id.* at 18).

5                    C.   Default and Calculation of Judgment

6          Plaintiff alleges Defendants are in default of the Agreement and Guaranty (collectively

7   "Loan Documents") for their failure to pay the amounts due, beginning with the payments due on

8   January 1, 2024, and all payments due thereafter.  (*Id*., ¶ 14).   As a result of the default, Plaintiff

9   has accelerated the amounts due consistent with the terms of the Loan Documents.  (*Id*., ¶ 15).

10          In its current Motion, Plaintiff asserts the following amounts on the Loan Documents are

11  due, which includes principal plus interest, repossession charges, and other fees:

12                    1.  Principal: $155,097.08;

13                    2.  Interest and Fees: $18,585.23 (calculated through October 15, 2024), plus

14                        $77.55 per day thereafter;

15                    3.  Total: $173,682.31

16  (Doc. No. 12 at 6).

17          In support, Plaintiff points to the Loan Documents, which provide that Defendants must

18  pay all expenses resulting from retaking, holding, preparing for sale, and selling the Vehicle upon

19  default.  (Doc. No. 1, ¶ 21, Exhibit 1).  Additionally, Defendants are obligated to pay the

20  attorney's fees and costs incurred by Plaintiff in the enforcement of its rights under the

21  Agreement.  (*Id*., ¶ 22).  Plaintiff noticed Defendants of their defaults and of Plaintiff's election to

22  accelerate the loans evidenced by the Agreement by letter dated August 26, 2024.  (*Id*., ¶ 23,

23  Exhibit 4).  Plaintiff demanded Defendants to pay the amounts due and surrender the subject

24  Vehicle.  (*Id*.).  Defendants did not pay the amounts due and owing under the Loan Documents,

25  and Plaintiff has been unable to recover possession of the Vehicle.  (*Id*., ¶¶ 24, 26).  Upon

26  repossession, Plaintiff intends to resell the subject Vehicle in a commercially reasonably manner

27  and will provide credit of the net proceeds to Defendants.  (Doc. No. 12 at 7).

28          Plaintiff served Defendants Sunshine Trucking and Mann with Plaintiff's Complaint on

                                              3

September 14, 2024.  (Doc. Nos. 6, 8).  After Defendants failed to appear or answer, Plaintiff

requested and obtained a clerk's entry of default under Federal Rule of Civil Procedure 55(a) on

October 17, 2024.  (Doc. Nos. 9, 10).  On November 14, 2024, Plaintiff moved for default

judgment on its breach of contract claim in the amount of $173,682.31 plus interest and expenses

against Defendants.  (Doc. No. 12 at 6).

## II.  APPLICABLE LAW

Federal Rule of Civil Procedure 55(b)(2) allows the court to enter judgment against a

party following the clerk of court's entry of default under 55(a).  The court cannot enter default

judgment if the defendants were not properly served.  *Mason v. Genisco Tech. Corp.*, 960 F.2d

849, 851 (9th Cir. 1992).  If the court determines service was proper, the court must undertake an

analysis applying the "*Eitel*" factors enumerated in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th

Cir. 1986) before entering a default judgment.  Specifically, the court considers the following

factors: (1) the potential prejudice to the plaintiff, (2) the underlying claim's merits and

sufficiency, (3) the amount of money at stake, (4) the possibility of a factual dispute, (5) whether

the default resulted from excusable neglect, and (6) the court's overriding preference to issue

decisions on the merits.  (*Id*).

After the clerk enters a default, the court shall accept "as true all factual allegations in the

complaint, except those as to the amount of damages."  *Yoon Chul Yoo v. Arnold*, 615 F. App'x.

868, 870 (9th Cir. 2015); Fed. R. Civ. P. 8(b)(6).  Allegations about "the amount of damages must

be proven."  *Strojnik v. JW World Enterprises, Inc. Best W. Bakersfield N.*, 2021 WL 22137, at *1

(E.D. Cal. Jan. 4, 2021).  The court also does not accept facts that are not well pled or statements

that constitute conclusions of law.  *Wecosign, Inc. v.  IFG Holdings, Inc.*, 845 F. Supp. 2d 1072,

1078 (C.D. Cal. 2012).  Ultimately, the decision of whether to grant a default judgment lies

within the discretion of the court.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

## III. ANALYSIS

A. <u>Jurisdiction</u>

The Complaint invoked this Court's jurisdiction under 28 U.S.C. § 1132(a).  (Doc. No. 1,

¶ 1).  Federal courts are courts of limited jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*,

1   511 U.S. 375, 377 (1994). A district court has diversity jurisdiction "where the matter in

2   controversy exceeds the sum or value of $75,000, . . . and is between citizens of different States . .

3   ." 28 U.S.C. § 1332(a)(1). The amount in controversy "encompasses all relief a court may grant .

4   . . if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th

5   Cir. 2018). Additionally, it represents "the *maximum* recovery the plaintiff could reasonably

6   recover." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019). The amount in

7   controversy is calculated based on the well-pleaded allegations in the complaint. *See Chavez*, 888

8   F.3d at 416. Here, the amount in controversy is satisfied as the Complaint seeks monetary

9   damages of $155,097.08 in principal alone. (Doc. No. 1, ¶ 16).

10          Regarding the diversity prong, national banking associations are "deemed citizens of the

11   States in which they are respectively located." 28 U.S.C. § 1348. For purposes of diversity, a

12   bank is "located" in the state designated in its articles of association as its main office. *See*

13   *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006). Under § 134, a national banking

14   association is a citizen only of the state in which its main office is located. *See Rouse v.*

15   *Wachovia Mortg.*, FSB, 747 F.3d 707, 709 (9th Cir. 2014). Plaintiff states its main office in the

16   articles of association is in Chicago, Illinois. (Doc. No. 1, ¶ 4). Therefore, for purposes of

17   diversity jurisdiction, Plaintiff is located in Illinois and is a citizen of Illinois. *See Wachovia*

18   *Bank*, 546 U.S. at 318.

19          Corporations are deemed to be citizens of the state by which it has been incorporated and

20   of the State where it has its principal place of business. *Okamoto v. Bank W. Corp.*, 115 F. App'x

21   410, 410 (9th Cir. 2004). Individuals are deemed to be citizens of the state in which they are

22   domiciled. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). According to

23   the Complaint, Defendant Sunshine Trucking "is a limited liability company organized under the

24   laws of the state of California with its principal place of business located at 6326 W. Donner

25   Avenue, Fresno, California 93723," and Defendant Mann "is a citizen of the state of California

26   residing at 6326 W. Donner Avenue, Fresno, California 93723." (Doc. No. 1, ¶ 5, 6).

27          The Court finds Plaintiff has established that the amount in controversy exceeds the

28   $75,000 threshold as well as complete diversity between the parties named in the lawsuit to

5

1    satisfy that this Court that has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

2            Additionally, the Court has personal and general jurisdiction over the Defendant Mann

3    given he is domiciled in Fresno, California.  *Goodyear Dunlop Tires Operations, S.A. v. Brown*,

4    564 U.S. 915, 924 (2011) ("For an individual, the paradigm forum for the exercise of general

5    jurisdiction is the individual's domestic domicile[.]").  The Court has personal and general

6    jurisdiction over Defendant Sunshine Trucking given that its principal place of business is Fresno,

7    California.  *Id.*  (exercise of general personal jurisdiction over a corporation is appropriate in its

8    principal place of business, which is "fairly regarded as at home.").

9            B.  Defendants Were Properly Served with Process

10           Federal Rule of Civil Procedure 4 sets forth the requirements for service within a judicial

11   district of the United States.  Service is effectuated under Federal Rule of Civil Procedure 4(e) by

12   "following state law for serving a summons . . . in the state where the district court is located or

13   where service is made," or by "delivering a copy of [the summons and complaint] to an agent

14   authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(e)(1)-(2).

15   Under California law, service of the summons and complaint is permitted by either personal

16   service or by leaving the papers with a "competent member of the household or a person

17   apparently in charge of his or her office [or] place of business," among other methods.  Cal. Code

18   Civ. P. § 415.10-20.  All methods require that the service be handled by an individual who is not

19   a party to the action.  (*Id.*).

20           Plaintiff submits sworn affidavits of service of process that indicate that Defendants were

21   personally served by a registered process server hand-delivering a copy of the summons and

22   complaint on September 14, 2024.  (Doc. Nos. 6, 8).  After attempting service at Defendant

23   Mann's residence, he instructed the process server to meet him at 3539 W. Franklin Avenue,

24   Fresno, California 93706.  (Doc. No. 7).  Additionally, on September 18, 2024, copies of the

25   summons and complaint along with the initial pleadings were also mailed through the United

26   States Postal Service via First-Class, postage prepaid to Defendants Mann and Sunshine Trucking

27   at the same address.  (Doc. No. 6 at 5).

28           Accordingly, the Court finds that Plaintiff have complied with Rule 4.  After Defendants

1  failed to file a response to the Complaint, Plaintiff moved for and was granted a clerk's entry of

2  default on October 17, 2024 against Defendants.  (Doc. No. 10).

3        C.  Application of the Six *Eitel* Factors

4            1.  Prejudice to Plaintiff

5        The Court first considers whether Plaintiff will suffer prejudice if a default judgment is

6  not entered.  *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, at 1177 (C.D. Cal. 2002).

7  When a defendant neglects to respond to a complaint, a plaintiff lacks means to recover beyond a

8  default judgment.  *True Religion Apparel, Inc. v. Jet 2A*, 2009 WL 10671791, at *3 (C.D. Cal.

9  Feb. 11, 2009).  Here, the Court finds Plaintiff would be prejudiced if default judgment was not

10 granted because, absent entry of a default judgment, Plaintiff will be without recourse against

11 Defendants, given their unwillingness to participate in the action or pay the amounts due on the

12 contract.  (Doc. No. 12 at 8).  The "[p]otential prejudice to the plaintiff militates in favor of

13 granting default judgment."  *See Vogel v. Rite Aid Corp.,* 992 F. Supp. 2d 998, 1007 (C.D. Cal.

14 2014).  The first *Eitel* factor therefore weighs in favor of default judgment.

15            2.  The Underlying Claim's Merits and Sufficiency

16       The court next weighs the merits and sufficiency of Plaintiff's Complaint.  Default

17 judgment will only be granted if Plaintiff's Complaint states a claim that supports the desired

18 relief.  *Wells Fargo Equip. Fin., Inc. v. Virk Sys., Inc.*, 2021 WL 347408, at *2 (E.D. Cal. Feb. 2,

19 2021).  Plaintiff asserts a breach of contract action as its claim for relief.  (*See generally* Doc. No.

20 1).  Under California law, to prevail on a breach of contract claim, a plaintiff must show: (1) the

21 existence of a contract; (2) performance by the plaintiff; (3) a breach by the defendant; and (4)

22 damages.  *See Careau & Co. v. Sec. Pac. Bus. Credit, Inc*., 222 Cal. App. 3d 1371, 1399 (1990).

23       The Court finds Plaintiff has established each of these elements.  Plaintiff entered into a

24 Loan and Security Agreement with Defendant Sunshine Trucking, and Continuing Guaranty for

25 the Agreement with Defendant Mann. (Doc. No. 1, ¶¶ 9-10).  Plaintiff fully performed its

26 obligations under the Loan Documents by financing Defendants' purchase of the subject

27 Vehicles.  (*Id.*, ¶ 28).  Certificate of Origin for the subject Vehicle is appended to the Complaint

28 and reflects Defendant Sunshine Trucking as the "Purchaser" and Plaintiff as the "Lienholder."

1    (*Id*. at 21, Exhibit 3).  Defendants breached the terms of the Loan Documents by defaulting on

2    their payments.  (*Id.,* ¶ 14).  Plaintiff's prayer for relief also sets forth its claim for contractual

3    monetary damages, including attorney's fees, interest, and costs.  (*Id., ¶¶* 60, 61).  Thus, the

4    second and third *Eitel* factors support entry of default judgment.

5                             3.   The Amount of Money at Stake

6        Plaintiff seeks a default judgment of $178,340.37, which includes $3,962.78 in attorney's

7    fees and $695.28 in costs.  (Doc. No. 12 at 6-7).  Default judgment is "is disfavored where large

8    amounts of money are involved."  *Christofferson v. All Pure Pool Serv. Of Cent. California, Inc.*,

9    2020 WL 3249323, at *19 (E.D. Cal. June 16, 2020), *report and recommendation adopted sub*

10   *nom*; *Christofferson, v. All Pure Pool Serv. Of Cent. California, Inc*, WL 3819413 (E.D. Cal. July

11   8, 2020).

12       The bulk of Plaintiff's contractual damages consists of the principal amount due from the

13   purchase price of the subject Vehicle, $155,097.08.  (Doc. No. 12 at 6).  As discussed more fully

14   below, Plaintiff submits evidence in support of its damages claim.  The Court does not find this

15   amount to be excessive as it is based upon Defendants' obligations under the terms of the Loan

16   Documents.  As such, the Court finds the fourth *Eitel* factor weighs in favor of granting default

17   judgment.

18                             4.   The Possibility of a Factual Dispute

19       The Clerk of Court's entry of default requires the Court to accept Plaintiff's well-pled

20   factual allegations as true.  Despite being properly served, Defendants did not appear, answer, or

21   otherwise respond.  Thus, the only facts before the court are those presented by Plaintiff in the

22   Complaint, which are well-pled and must be accepted as true.  There is accordingly no factual

23   dispute.  *United Specialty Insurance Co. v. Saleh*, 2016 WL 4434479, at *2 (E.D. Cal. Aug. 22,

24   2016).  Thus, the fourth *Eitel* factor does not preclude entry of a default judgment.

25                             5.   Whether the Default Resulted from Excusable Neglect

26       Defendants were properly served yet have not appeared since service was effectuated.

27   When service is proper it suggests there was not excusable neglect.  *USA Truck, Inc. v. Jugan*

28   *Express Inc.*, 2020 WL 2128387, at *2 (E.D. Cal. May 5, 2020), *report and recommendation*

1    *adopted*, 2020 WL 3451580 (E.D. Cal. June 24, 2020).  The Court therefore finds this fifth *Eitel*

2    factor weighs in favor of default judgment.

3                     6.  The Court's Overriding Preference to Issue Decisions on the Merits

4        *Eitel* emphasizes the general rule is that "[c]ases should be decided upon their merits

5    whenever reasonably possible."  782 F.2d at 1472.  However, the policy favoring decisions on the

6    merit does not preclude entering default judgment when a defendant fails to appear because a

7    decision on the merits is not possible.  *Arroyo*, 2019 WL 4877573, at *11 (E.D. Cal. Oct. 3,

8    2019).  Therefore, the Court finds the sixth *Eitel* factor does onto preclude entry of default

9    judgment.

10       In summary, the Court finds each of the above *Eitel* factors weigh in favor of default

11    judgment and recommends default judgment be entered in favor of Plaintiff.  Having

12    recommended default, the Court now turns the appropriate measure of damages.

13       D.  Relief Requested

14       1.  Contractual Damages

15       The Loan Documents provide that in the event of default, all indebtedness becomes

16    immediately due and payable.  (Doc. No. 13, Exhibit 1, ¶ 5.2).  Further, Plaintiff is entitled to take

17    possession of and dispose of the equipment and to have the debtor pay all interest and expenses

18    incurred, including reasonable attorney's fees associated with the repossession and disposition.

19    (Doc. No. 12 at 5-6, ¶¶ 14, 17; Doc. No. 13, Exhibit 1, ¶¶ 5.2, 5.3).  According to the date of

20    default under the Loan Documents, the total principal amount due and owing after acceleration is

21    $155,097.08.  (Doc. No. 12 at 6, ¶ 21).  Calculated from the respective date of default, the total

22    amount of accrued and unpaid interest, late charges, and other fees due and owing under the Loan

23    Documents is an amount totaling not less than $18,585.23.  (*Id*.).  Additionally, Plaintiff is

24    entitled to daily interest under the Agreement until the date when final judgment is entered.  (*Id*.

25    at 5, ¶ 11).  Finally, under the Loan Documents, upon default, Defendants are obligated to pay all

26    expense of retaking, holding, preparing for sale, and selling the Vehicles.  (*Id*. at 7, ¶ 25).

27    Calculated as of October 15, 2024, the amount due and owing under the Loan Documents, not

28    including attorney's fees and costs for this Motion, is an amount not less than $173,682.31.  (*Id*.

1   at 6, ¶ 21).  These requested amounts are supported by declaration.  (Doc. No. 13).  The Loan

2   Documents and declaration constitute sufficient proof that Plaintiff has sustained damages for the

3   breaches under the Agreement and Defendants have not appeared to oppose the request.  The

4   undersigned accordingly recommends judgment in the amount $173,682.31, plus post-judgment

5   interest, jointly and severally against Defendants.

6         2.  Attorney's Fees and Costs

7         Plaintiff also seeks $3,962.78 in attorney's fees and $695.28 in costs under the Agreement

8   for bringing this Motion.  (Doc. No. 12 at 6-7).  "A federal court sitting in diversity applies the

9   law of the forum state regarding an award of attorney's fees."  *Kona Enters., Inc. v. Estate of*

10   *Bishop*, 229 F.3d 877, 883 (9th Cir. 2000).  California law recognizes contractual provisions

11   allowing the collection of reasonable attorney's fees.  Cal. Civ. Proc. Code § 1021 ("Except as

12   attorney's fees are specifically provided for by statute, the measure and mode of compensation of

13   attorneys and counselors at law is left to the agreement, express or implied, of the parties; but

14   parties to actions or proceedings are entitled to their costs, as hereinafter provided."); *Gil v.*

15   *Mansano*, 121 Cal. App. 4th 739, 742-43 (2004).  Under the Loan Documents, Defendants are

16   obligated to pay the attorney's fees and costs incurred by Plaintiff in the enforcement of its rights,

17   including expenses of filing and prosecuting this action.  (Doc. No. 12 at 5, ¶ 14; Doc. No. 13,

18   Exhibit 1, ¶ 5.2).  Thus, Plaintiff is therefore entitled to recovery of its attorney's fees and costs.

19         To determine a reasonable attorney's fee, or "lodestar," the starting point is the number of

20   hours reasonably expended multiplied by a reasonable hourly rate.  *See Hensley v. Eckerhart*, 461

21   U.S. 424, 433 (1983).  The undersigned, in considering what constitutes a reasonable hourly rate,

22   looks to the prevailing market rate in the relevant community.  *Blum v. Stenson*, 465 U.S. 886,

23   895 (1984).  The "relevant community" for the purposes of the lodestar calculation is generally

24   the forum in which the district court sits.  *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th

25   Cir. 2013).

26         The relevant community here is the Fresno Division of the Eastern District of California.

27   In the Fresno Division of the Eastern District of California, across a variety of types of litigation

28   generally, attorneys with experience of twenty or more years of experience are awarded $325.00

1   to $400.00 per hour, attorneys with ten to twenty years of experience are awarded $250.00 to

2   $350.00 per hour, attorneys with five to ten years of experience are awarded $225.00 to $300.00

3   per hour, and less than $200.00 per hour for attorneys with less than five years of experience."

4   *Beard v. Cty. of Stanislaus*, No. 1:21-cv-00841-ADA-SAB, 2023 WL 199200, at *13 (E.D. Cal.

5   Jan. 17, 2023) (collecting cases).

6           Plaintiff attaches the declaration of Attorney Ken I. Ito in support of their request for

7   attorney fees and costs.  (Doc. No. 14).  Attorney Ito is an associate at the law offices of Hemar,

8   Rousso & Heald, LLP ("HRH"), who is counsel of record for Plaintiff.  (*Id*., ¶1).  Attorney Ito has

9   more than 13 years of professional experience, specializes in creditor rights and business and

10  commercial litigation, and has been admitted to practice in California since 2011.  (*Id*., ¶ 9).

11  Based on Attorney Ito's experience, the Court finds a rate of $325.00 per hour to be reasonable

12  for his services.

13          According to the declaration of Attorney Ito and the corresponding invoices for legal

14  services, Attorney Ito expended a total of 8.30 hours of work and billed the Plaintiff $2,697.50 for

15  attorney fees in relation to this matter through October 17, 2024.[2]  (Doc. No. 14 at 5-8).  The

16  Court finds the amount of time billed to be reasonable and not excessive.  Further, the Court finds

17  the tasks billed by Attorney Ito as identified on the invoices to be tasks properly performed by an

18  attorney.

19          In addition to the hours billed, Attorney Ito declares that "to complete this Motion for

20  Default Judgement, assuming there will be no requirement to appear at the Motion for Default

21  Judgement, it is anticipated and expected that it will take at least 3 hours at a rate of $325.00, for

22  a total of $975.00."  (*Id*., ¶ 7).  However, there is no evidence to support this estimate; thus, as

23  previously explained by the Court, "[t]he Court declines to speculate as to time related to this

24  motion simply because Plaintiff elected not to submit billing records through the motion's filing

---

[2] According to Attorney Ito's declaration, the attached invoices reflect that HRH has incurred $2,987.78 in
attorney's fees and an additional $695.28 in costs.  (Doc. No. 14 at 2-3, ¶ 5).  However, the Court's review
of the invoices indicates that the calculated attorney's fees of $2,987.78 includes duplicate billing for
service of process in the amount of $103.00 and $187.28, respectively, which are also requested separately
by Plaintiff as costs of suit.  (*Id*. at 5-8).  Thus, the total amount of incurred attorney's fees, apart from the
separately awarded costs for service of process, is $2,697.50.

1  date []. Instead, the fee award is limited to the established and documented time." *BMO Harris*

2  *Bank, N.A. v. Chahal Roadlines, Inc, et. al.*, 2024 WL 5195924, at *2 (E.D. Cal. Dec. 23, 2024);

3  *see also Sayta v. Martin*, 2018 WL 4373034, at *5 ("The court will not award attorney's fees

4  based on forward-looking estimates that may or may not have turned out to be accurate.").[3]

5      Based on the foregoing, the undersigned finds the amount of $2,697.50 for 8.3 hours of

6  work by Attorney Ito at a rate of $325.00 per hour to be reasonable. In addition to attorney's fees,

7  Plaintiff seeks the recovery of court costs in the amount of $695.28, which consists of the costs

8  for the Court filing fee and service of process. (Doc. No. 14, ¶ 10). The undersigned finds these

9  costs reasonable.

10     Accordingly, it is ORDERED:

11     1.  The Clerk of Court randomly assign this case to a district judge for consideration of

12         these Findings and Recommendations.

13     2.  Plaintiff shall mail a copy of these Findings and Recommendations to Defendants at

14         each of their last known addresses and file proof of service within fourteen (14)

15         business days of the date of these Findings and Recommendations.

16     It is further RECOMMENDED:

17     1.  Plaintiff's motion for default judgment (Doc. No. 12) be GRANTED as set forth

18         herein:

19         a.  Judgment be entered in favor of Plaintiff BMO Bank, N.A. against Defendants

20             Sunshine Trucking, LLC, and Kamal Mann.

21         b.  Plaintiff be awarded $173,682.31 in monetary damages.

22         c.  Plaintiff be awarded interest at the contracted rate of the Agreement: $77.55

23             per day for each day after October 15, 2024 until the entry of final judgment:

24         d.  Plaintiff be awarded $2,697.50 in attorney's fees and $695.28 in costs.

25     2.  Plaintiff be awarded possession of the following unrecovered Vehicle, and Defendants

26         be directed to return and/or permit Plaintiff to take possession of the subject Vehicle: a

27  ───────────────────

28  [3] To the extent Plaintiff seeks attorney fees in connection with the instant motion, Plaintiff must attach billing records to reflect the amount time incurred in connection with the instant motion.

1    2023 Freightliner Cascadia Tractor, Vehicle ID No. 3AKJHHDR5PSUH9960.

2    3.  Upon sale of the above identified Vehicle in a commercially reasonable manner, the

3        money judgment entered herein be credited with the net sales proceeds.

4    4.  The Clerk be directed to CLOSE this case.

5                              <u>NOTICE TO PARTIES</u>

6        These Findings and Recommendations will be submitted to the United States District

7    Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

8    after being served with a copy of these Findings and Recommendations, a party may file written

9    objections with the Court.  *Id.*; Local Rule 304(b).  The document should be captioned,

10   "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen**

11   **(15) pages**.  The Court will not consider exhibits attached to the Objections.  To the extent a party

12   wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its

13   CM/ECF document and page number, when possible, or otherwise reference the exhibit with

14   specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by

15   the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. §

16   636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the

17   waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

18

19   Dated:    January 27, 2025

20                                          HELENA M. BARCH-KUCHTA
                                           UNITED STATES MAGISTRATE JUDGE
21

22

23

24

25

26

27

28